PETER CLARK, Appellant, v. E. E. GEORGE *et al*, Appellees.

Mortgage: FRAUDULENT REPRESENTATIONS: CONSIDERATIONS: VALIDITY.

*Appeal from Fayette District Court.*—HON. L. O. HATCH, Judge.

THURSDAY, DECEMBER 17, 1891.

ACTION to foreclose a mortgage. The defense is that of a partial failure of consideration and fraud. A foreclosure denied, and the plaintiff appeals.—*Reversed.*

*D. W. Clements,* for appellant.

*Ainsworth & Hobson,* for appellees.

GRANGER, J.—E. E., Edward, and Lavina George are the defendants. E. E. George is a son of Edward and Lavina. On the nineteenth of January, 1886, E. E. George made his two promissory notes for two hundred and fifty dollars each to the plaintiff, to become due, the first July 1, 1886, and the other January 1, 1887, with interest at ten per cent. The notes were for money loaned. To secure the notes, Lavina and Edward George executed a mortgage on certain lots in West Union, which bears even date with the notes. At the time of the execution of this mortgage, there was a prior mortgage incumbrance of one hundred dollars in favor of one Jones. This action is for a judgment and foreclosure of the mortgage to the plain-

tiff. The answer admits the execution of the notes and mortgage; avers an agreement by the plaintiff, at the time of the execution of the mortgage to him, to pay off and cancel of record the Jones mortgage. It also alleges that at the time the mortgage to the plaintiff was signed, and as an inducement thereto, the plaintiff represented to Lavina and Edward George that E. E. George "was engaged in business at Sioux City, Iowa; that he was perfectly good; that his store was running all right; that his stock of goods was new, and the best in Sioux City in that line; that he had between three and four thousand dollars' worth of goods in the store; that he had been in the store nearly every day, and knew all about it." The answer avers the statements to be false, and known to be so, and that they were induced thereby to execute the mortgage; and they ask to be dismissed with costs. The district court gave judgment against E. E. George on the notes, and denied the foreclosure.

The testimony as to an agreement to pay off the Jones mortgage is conflicting, One thought, to our minds, overshadows that part of the defense. The object of the transaction, on the part of the plaintiff, was the interest on the loan. This would amount, for the time to run, to about thirty-five dollars; and it is so unreasonable for the plaintiff to agree to pay off a one hundred dollar mortgage to effect the loan that it is difficult to believe the plaintiff proposed to do so, and it is equally difficult to believe that such a proposition would be accepted in good faith by persons of ordinary understanding, which we assume the defendants to be. The proposition, as a business one, involves such an absurdity that to believe it was ever made or accepted in good faith requires the most convincing proof,—such as is not in the record before us.

We are unable to concur in the view of the district court on the question of fraudulent representations. It appears that the plaintiff and E. E. George went from Sioux City to West Union the day before the mortgage was made, and stayed at the house of Lavina and Edward George that night; and there was abundant opportunity for talk before the mortgage was made. E. E. George had been in business in Sioux City, and his business had then been closed by his creditors; and he seems to have been trying to secure the loan as a relief from his present difficulty. If the statements of Lavina and Edward are true, then E. E. George is such a consummate villain as to render his testimony of no moment whatever; and it is in part on his testimony that they rely in this case. To credit the claims of the defendants, we must believe that the plaintiff came from Sioux City to West Union to make the five hundred dollar loan for less than one year, and, to obtain security, agreed to pay one hundred dollars to purchase a prior mortgage, and besides falsely made the representations as to the standing of E. E. George, which, if true, would have made him (George) abundantly good for such a loan on short time. The circumstances are against the security having been given under any such inducements or representations. Some of the statements of the defendants as to the inducements to make the security, and their reliance thereon, impress us so unfavorably that we are unwilling to give credence to their statements where contradicted by other evidence. The record clearly shows

that, long after the mortgage in suit was given, Edward George acknowledged their obligation to pay both mortgages; and it would also appear that the thought of such a defense came long after this suit was begun. The evidence is not of a character that should overcome such an instrument, with the other evidence in its support.

The plaintiff should have his decree of foreclosure, and the cause is remanded to the district court for that purpose. REVERSED.